## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN SNOW MFG. CO., INC.** | CIVIL ACTION |
| v. | CASE NO. 10-4275 |
| **SNOWIZARD, INC.** | SEC. |
| | MAG. |
| | JURY DEMANDED |

### COMPLAINT

- 35 USC §292 *qui tam* false marking claims
- 15 USC §1125(a)(2) unfair competition claims
- Louisiana Unfair Trade Practices Act (LUTPA) claims
- Louisiana Civil Code Article 2315 claims
- Jury Demanded
- Related Case EDLA-2:06-cv-9170-JCZ-SS

Southern Snow Mfg. Co., Inc., respectfully represents:

### Related Case

1.   This case is related or possibly related to Louisiana Eastern District Case No. 06-9170, c/w 09-3394 & 10-0791, as explained in the separate notice.

### Jurisdiction and Venue

2.   This U.S. District Court has jurisdiction under 28 USC §1331 and 15 USC §1121 because Plaintiffs complain under 35 USC §292, a federal patent statute, and the Lanham Act, codified at 15 USC §1051, *et seq*. This Court has supplemental jurisdiction under 28 USC §1367 over Plaintiffs' state-law claims under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq*., and under Louisiana Civil Code Article 2315, which arise from the same transactions or occurrences and implicate the same questions of fact and related questions of law.

3.   Venue is proper in the Eastern District of Louisiana under 28 USC §1391 where the defendant is subject to personal jurisdiction and is doing business, and where the acts complained of occurred in such district.

1

### Plaintiff

4.   Southern Snow Mfg. Co., Inc., (Southern Snow) is a Louisiana corporation having its place of business at 103 West W St., Belle Chasse, LA 70037, Plaquemines Parish, Louisiana, and is Plaintiff herein.

### Defendant

5.   SnoWizard, Inc., (SnoWizard) is a Louisiana corporation having its place of business at 101 River Road, Jefferson, LA 70121, Jefferson Parish, Louisiana, and is made the Defendant herein.

### Overview of Complaint

6.   Plaintiff Southern Snow brings this action against Defendant SnoWizard for SnoWizard's false marking and false assertions of having a patent or patent pending on its ice-shaving machine, where the overall machine has never been protected by a patent, has only ever had patent protection of small components of the machine, and did not even have any patent protection of any components at all during the period 1995 to 2009. Southern Snow brings a *qui tam* claim under 35 USC §292, an unfair competition claim under Lanham Act Section 43(a)(2) (15 USC 1125(a)(2)), an unfair competition claim under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.*, and a claim for damages under Louisiana Civil Code Article 2315.

### Prudential Standing

7.   Plaintiff Southern Snow and Defendant SnoWizard are competitors in the business of selling ice-shaving machines, flavoring concentrates, and other supplies for snowball shaved ice confections. Defendant has caused a competitive injury to Plaintiff by falsely marking its ice-shaving machines with false claims of patent protection, which confuses customers and potential customers into thinking that SnoWizard has patent rights and therefore the customers should buy their ice-shaving machine from SnoWizard. Since customers tend to make their ongoing purchases of flavoring concentrates and supplies from the same company they purchased their ice-shaving machine from, the false claims of patent protection

2

for the initial sale confers an ongoing, undeserved benefit to the false marker SnoWizard. Plaintiff Southern Snow Mfg. Co., Inc, has a business need to offer and sell ice-shaving machines competitive with the ones that Defendant falsely marks with claims of patent protection.

8.  Although, under 35 USC §292(b) "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States", here the Plaintiff Southern Snow has suffered, and claims, a competitive injury from Defendant SnoWizard's false marking, and has even stronger prudential standing than is required by the statute.

9.  Southern Snow's prudential standing to bring claims under the federal Lanham Act is established by the business-competitor relationship with SnoWizard, with no requirement for Southern Snow to identify any actual damages in order to establish standing.

10.  The question of standing under the LUTPA for an action in *federal* court is not completely clear because of a lack of clear, controlling state-court precedent. A business-competitor relationship seems to be required, and some state-court circuits have held that actual damages must be shown in order to establish standing to sue. Here, Southern Snow does claim actual damages.

11.  Standing under Louisiana Civil Code Article 2315 requires a claim of damages, which Southern Snow does claim here.

**SnoWizard's false assertion of a patent on its ice-shaving machine.**

12.  SnoWizard's predecessor in interest, the Ortolano Sno-Wizard company, applied for a patent on the "Sno-Wizard" ice-shaving machine in the 1940s, but that application was denied. In spite of the denial of the patent application, the company kept selling its machines with a prominent false "Patent Pending" claim (Exhibit P-4) for 40 years while Mr. Ortolano still owned the company, and then kept on making the prominent false claim during the 1980s, 1990s, and 2000s under the present ownership. (Exhibits P-1 & P-2.) Although the earliest of this false marking is too

3

remote in time to be reached by this lawsuit, the false marking was repeated anew through several re-designs of the machine and several re-designs and re-castings and labelings of its falsely-marked door in the more recent and immediate past.

13.  SnoWizard did, from 1990 to 1995, own a patent on having ridges and grooves on the bottom of an ice-shaving machine for stabilizing the ice block, but that patent was allowed to expire in April, 1995. (Exhibit P-3.)

14.  SnoWizard has falsely claimed "patented" or "patent pending" status on its entire ice-shaving machine even when there were not any patents issued or patents applied-for on any component of the machine.

15.  SnoWizard has also falsely claimed "patented" or "patent pending" status on its entire ice-shaving machine notwithstanding that it had applied for or received patents on only small components of, or improvements to, the machine.

## SnoWizard's Deceitful Purpose

16.  SnoWizard pursues an overall marketing strategy of claiming that the company's founder, Mr. Ortolano, brought the entire "snowball industry" into being with the development of his "Sno-Wizard" ice-shaving machine—notwithstanding that other electric ice shavers pre-dated his by many years, that hand-powered ice shavers had been known and used even longer, and that shaved ice confections were known and popular since long before Mr. Ortolano offered them.

17.  SnoWizard's marketing strategy of claiming the origination of the "snowball industry" started with Mr. Ortolano's 40-year assertion of "Patent Pending", and has been expanded by the company's present ownership into claims of trademarks on the word "snoball" itself and trademarks on two-dozen flavor names. But the present ownership has not abandoned the company's original strategy of falsely marking and falsely asserting patent protection on the ice-shaving machine itself.

18.  Horizontal-block ice-shaving machines are sold for about $1800 and are sold at a very low profit because the snowball-vendor customers have a strong tendency to make their continuing, repeat purchases of supplies and flavoring concentrates from

the same company they chose to purchase their ice-shaving machine from, whose logo is prominently displayed on the door of the machine.

19. SnoWizard has a deceitful purpose for its false marking and false assertions of patents, that deceitful purpose being to cause customers and potential customers to view SnoWizard's ice-shaving machines, and entire product line, to be "patented", "trademarked", and "original", and competitors' machines and products to be infringing, counterfeited knock-offs whose purchase is likely to cause the snowball vendors some kind of intellectual-property-rights trouble that they do not need.

## Penalty

20. 35 USC §292 provides that an entity violating the law "[s]hall be fined not more than $500 for every such offense".

21. Each sale of a falsely-marked machine is an offense under 35 USC §292.

22. Defendant SnoWizard owes a penalty of $500 for each falsely-marked ice-shaving machine sold during a period of time to be determined in this litigation.

## Damages

23. Plaintiff Southern Snow has been damaged by Defendant SnoWizard's false marking and false assertions of having a patent or patent pending on its ice-shaving machine.

24. Defendant SnoWizard has disparaged and tarnished Plaintiff Southern Snow's business by its false assertions that SnoWizard's ice-shaving machine is protected by a patent or patent pending, and that Southern Snow's ice-shaving machine is therefore an infringing copy or counterfeit.

25. Defendant SnoWizard has diverted sales of ice-shaving machines away from Plaintiff Southern Snow by falsely asserting patent protection.

26. By diverting sales of ice-shaving machines by falsely asserting patent protection, Defendant SnoWizard has also diverted follow-on, continuing, and repeat sales of supplies and flavor concentrates, which a significant number of snowball-vendor customers continue to purchase from the maker of their ice-shaving machine.

27. Plaintiff Southern Snow is entitled, under Lanham Act Section 35 (15 USC §1117), to recover damages, enhanced damages, profits, and litigation costs for Defendant SnoWizard's actions, even in the absence of a finding of fraud or willfulness.

28. Plaintiff Southern Snow is entitled, under the LUTPA, to recover damages for Defendant SnoWizard's actions, even in the absence of a finding of fraud or willfulness.

29. Plaintiff Southern Snow is entitled, under Louisiana Civil Code Article 2315, to recover damages for Defendant SnoWizard's actions, even in the absence of a finding of fraud or willfulness.

## Injunctive and Equitable Relief

30. Plaintiff Southern Snow is entitled, under Lanham Act Section 34 (15 USC §1116) and corresponding Louisiana law, to injunctive and equitable relief from Defendant SnoWizard's false marking and false assertions of having a patent or patent pending on its ice-shaving machine.

## Willful Actions

31. Defendant SnoWizard's false marking and false assertions of having a patent or patent pending on its ice-shaving machine have been done fraudulently or willfully, and with SnoWizard's full knowledge that it did not have the asserted patent rights and with SnoWizard's intent that potential customers would be misled by the false assertions, to SnoWizard's benefit and Southern Snow's detriment.

32. Plaintiff Southern Snow is entitled, under Lanham Act Section 35 (15 USC §1117), to recover reasonable attorney fees for Defendant SnoWizard's fraudulent or willful acts which make this case exceptional.

33. Plaintiff Southern Snow is entitled, under the LUTPA, to recover treble damages and reasonable attorney fees for Defendant SnoWizard's fraudulent or willful actions.

**Jury Demand**

34.  Plaintiff Southern Snow demands trial by jury of all issues so triable.

**WHEREFORE** Plaintiff Southern Snow Mfg. Co., Inc., prays that, after due proceedings had, the Court render judgment against Defendant SnoWizard, Inc., for statutory penalties to be divided with the U.S. Government under 35 USC §292, and for damages, enhanced damages, treble damages, profits, costs, reasonable attorney fees, and injunctive and other equitable relief, under the federal Lanham Act, the Louisiana Unfair Trade Practices Act, and Louisiana Civil Code Article 2315, and any other equitable or legal remedies authorized by law.

RESPECTFULLY SUBMITTED:
Attorney for Plaintiff Southern Snow

_____

Mark Edw. Andrews
Louisiana Bar No. 26172
Andrews Arts & Sciences Law, LLC
7104 Coliseum St.
New Orleans, LA  70118
504-383-3632
mea@mealaw.com